1   SEYFARTH SHAW LLP
    Eric Lloyd (SBN 254390)
2   elloyd@seyfarth.com
    Kiran S.  Lopez (SBN 252467)
3   klopez@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone:     (415) 397-2823
5   Facsimile:     (415) 397-8541

6   Attorneys for Defendant
    LOWE'S HOME CENTERS, LLC

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

    CHITTARANJAN RAO, an individual,           Case No.
12
                    Plaintiff,                 (Santa Clara County Superior Court,
13                                             Case No.  21CV375681)
          v.
14                                             **DEFENDANT LOWE'S HOME
    LOWE'S HOME CENTERS, LLC; and DOES 1       CENTERS, LLC'S NOTICE OF
15  THROUGH 20, inclusive,                     REMOVAL OF CIVIL ACTION TO
                                               UNITED STATES DISTRICT COURT
16                  Defendants.                PURSUANT TO DIVERSITY OF
                                               CITIZENSHIP JURISDICTION [28 U.S.C.
17                                             SECTIONS 1332 AND 1441]**

18                                             *Complaint Filed: January 4, 2021*
                                               *Trial Date: None.*
19

20        To  the  United  States  District  Court  for  the  Northern  District  of  California  and  to  Plaintiff

21  CHITTARANJAN RAO and his attorneys of record:

22        Please take notice that Defendant LOWE'S HOME CENTERS, LLC hereby files this Notice of

23  Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship

24  jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of

25  the State of California, County of Santa Clara, to the United States District Court for the Northern District

26  of California, and states that removal is proper for the following reasons:

27

28

_____
                 DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL
68634727v.1

## I.   **BACKGROUND**

1.     On January 4, 2021, Plaintiff Chittaranjan Rao ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled, *Chittaranjan Rao v.  Lowe's Home Center, LLC; and DOES 1 through 20, inclusive*, designated as Case No.  21CV375681.  In the Complaint, Plaintiff alleges nine causes of action against Defendant Lowe's Home Centers, LLC ("Lowe's"): (1) Race Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) National Origin Discrimination in Violation of FEHA; (3) Ancestry Discrimination in Violation of FEHA; (4) Hostile Work Environment Harassment in Violation of FEHA; (5) Failure to Prevent Hostile Work Environment Harassment in Violation of FEHA; (6) Retaliation in Violation of FEHA; (7) Wrongful Termination in Violation of Public Policy; (8) Intentional Infliction of Emotional Distress; and (9) Unfair Competition Law.

2.     On February 9, 2021, Plaintiff served Defendant with the Summons, Complaint, and Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet.  True and correct copies of the Summons, Complaint, and Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet served on Defendant are attached as **Exhibit 1**.

3.     On March 10, 2021, Defendant filed its Answer to the Complaint in Santa Clara County Superior Court.  A true and correct copy of Defendant's Answer filed in Santa Clara County Superior Court is attached as **Exhibit 2**.

4.     **Exhibits 1 and 2** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal.  *See* accompanying Declaration of Kiran S.  Lopez ("Lopez Decl."), ¶3.  There is a Case Management Conference scheduled in the Santa Clara County Superior Court for May 11, 2021. Lopez Decl., ¶4.

## II.   **TIMELINESS OF REMOVAL**

5.     This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant.  28 U.S.C. § 1446(b); *Murphy Bros., Inc.  v.  Michetti Pipe Stringing, Inc.*, 119 S.  Ct.  1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).  *See* Ex. 1.

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

68634727v.1

1

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

2

3          6.      The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1).  As

4   set forth below, this action is removable pursuant to 28 U.S.C. Section 1441(a) as the amount in

5   controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different

states.

6          7.      **Plaintiff's Citizenship.**  "An individual is a citizen of the state in which he is domiciled

7   …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-*

8   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is

9   determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of*

10  *Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.

11  1986)).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Havensa*

12  *LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

13         8.      At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State

14  of California, residing in the county of San Santa Clara.  *See* Ex. 1 (Complaint), ¶1.  Plaintiff alleges in

15  the Complaint that he "worked for Defendant at Sunnyvale, California in the County of Santa Clara." *Id.*,

16  ¶7.  Plaintiff's home address during the period when he worked at Lowe's was within the State of

17  California.  *See* accompanying Declaration of Genevieve Wynsen ("Wynsen Dec."), ¶3.  There are no

18  documents in Plaintiff's personnel file to suggest in any way that he is currently, or during the periods of

19  his employment was, a resident or citizen of any state other than California.  *Id.*

20         9.      **Defendant's Citizenship.**  In a removal, a limited liability company is treated as a

21  partnership for purposes of diversity, and citizenship depends on the citizenship of its members.  *Johnson*

22  *v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is deemed to be

23  a citizen of any state in which it has been incorporated and of any state where it has its principal place of

24  business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining

25  diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and

26  coordinate the corporation's activities …. [I]n practice it should normally be the place where the

27  corporation maintains its headquarters-provided that the headquarters is the actual center of direction,

28

**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

68634727v.1

control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp.  v.  Friend*, 559 U.S.  77, 92-93, 130 S.Ct.  1181, 1192 (2010).

10.     Defendant Lowe's Home Centers, LLC is a limited liability company that at all relevant time was organized and existing under the laws of the State of North Carolina. Wynsen Decl., ¶4.

11.     Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. *Id.*

12.     Lowe's Companies, Inc.  is, and at the time the civil action was instituted was, a corporation organized under the laws of North Carolina.  *Id.*, ¶5.

13.     Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities— is located in North Carolina.  *Id.*  Thus,  Lowe's Companies, Inc. is a citizen of North Carolina.

14.     Because Lowe's Companies, Inc.  is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California.  Thus, the requisite diversity of citizenship exists.  *See* 28 U.S.C. §1332(c)(1).

15.     Furthermore, in compliance with 28 U.S.C. Section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded.  The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability.  *Newcombe v.  Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir.  1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).  In determining whether diversity of citizenship exists, only the named defendants are considered.  *Id.*

16.     **Amount in Controversy.**  While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins.  Co.*, 102 F.3d 398, 404 (9th Cir.  1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

68634727v.1

17.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

18.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

19.     In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. Section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*,

994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

20.     The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

21.     **Compensatory Damages.**  In his Complaint, Plaintiff seeks to recover compensatory damages including "lost wages and other employment benefits." Ex. 1, ¶¶ 24, 32, 40, 45, 51, 58, 65, and Prayer.) Plaintiff's Complaint alleges multiple claims under the FEHA for discrimination, hostile work environment/harassment, failure to prevent such harassment, and retaliation. *See* Ex. 1. Plaintiff also alleges claims for wrongful termination, intentional infliction of emotional distress, and unfair competition. *Id.*

22.     Plaintiff alleges he worked as a Customer Service Associate III for Defendant.  Ex. 1, ¶12. Plaintiff alleges he was terminated on or about July 17, 2018.  *Id.*, ¶15.  At that time Plaintiff was earning $17.69 per hour.  Wynsen Decl., ¶6.  Conservatively estimating a January 2022 trial date (twelve months after the Complaint was filed), and assuming a 40 hour work week, Plaintiff's lost wages alone would amount to approximately $125,706; *i.e.*, approximately 41 months between his alleged termination and trial multiplied by $3,066 per month.

23.     In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement.  *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

24.     An award of three years' front pay would entitle Plaintiff to more than $110,376 in additional recovery.  *See Traxler v.  Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir.  2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v.  City of Oakland*, No.  C 02-2257 SI, 2008 WL 410239, *4 (N.D.  Cal.  2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v.  Western Elec.  Co., Inc.*, 643 F. Supp.  836, 856 (N.D.  Cal.  1986) (same).  Thus, Plaintiff's allegations of lost wages alone exceed the $75,000 jurisdictional threshold.

25.     **Emotional Distress Damages.**  In addition to compensatory damages, Plaintiff alleges that as a result of Defendant's conduct he has suffered "severe emotional and physical distress," and seeks related damages.  Ex. 1, ¶¶24, 32, 40, 45, 51, 58, and 65.  Plaintiff also asserts a claim for intentional infliction of emotional distress, and alleges that "Defendant's actions directly and proximately resulted in Plaintiff suffering and continuing to suffer extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression …" *Id.*, ¶70.  In *Thompson v.  Big Lots Stores, Inc.*, No.  1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D.  Cal.  2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination.  *Id.*

26.     In fact, such damages may exceed $122,000.  A review of jury verdicts in California demonstrates as much.  *See, e.g.*, *Silverman v.  Stuart F.  Cooper Inc.*, No.  BC467464, 2013 WL 5820140 (Los Angeles Sup.  Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v.  Los Angeles Cnty.  Metro.  Transp.  Auth.*, No.  BC484335, 2013 WL 7852947 (Los Angeles Sup.  Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v.  GACN Inc.*, No.  BC469940, 2013 WL 8115991 (Los Angeles Sup.  Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v.   Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL

68634727v.1

7447633 (C.D.  Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v.  Ivy Hill Corp.*, No.  BC414667, 2011 WL 3293268 (Los Angeles Sup.  Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v.  Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup.  Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case).  These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

27.     **Attorney's Fees.**  Plaintiff claims statutory entitlement to attorney's fees.  Ex. 1, ¶¶24, 32, 40, 46, 52, 58, 65, and Prayer.  Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  Under California Government Code Section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v.  Bd.  of Trs.  of Cal.  State Univ*., 132 Cal. App.  4th 359, 394 (2005).  Here, Plaintiff asserts six FEHA claims against Defendant in the Complaint. Ex. 1, First through Sixth Causes of Action.

28.     Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment.  Lopez Decl., ¶4. Here, if Plaintiff prevails, he could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases.  Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination.  S*ee*, *e.g.*, *Crawford v. DIRECTV, Inc*., No.  BC417507, 2010 WL 5383296 (Los Angeles County Sup.  Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v.  Robert Bosch Tool Corp*., No. B185408, 2007 WL 2014301, *9 (Cal.  Ct.  App.  2d Dist.  July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v.  Cal.  Dep't of Transp*., No.  GIC836582, 2006 WL 5305734 (San Diego County Sup.  Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

68634727v.1

29.     **Punitive Damages.**  Plaintiff also seeks punitive damages in the Complaint.  Ex. 1, ¶¶25, 33, 41, 47, 53, 59, 66, 72, and Prayer.  The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport v.  Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir.  1963) (punitive damages must be taken into account where recoverable under state law).  "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

30.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases.  *See, e.g.*, *Juarez v.  Autozone Stores, Inc.*, No.  08cv417–L (BLM), 2011 WL 1532070 (S.D.  Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v.  McKesson Corp.*, 47 Cal.  4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

31.     In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold.  While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. Section 1332(a).

32.     Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. Section 1332(a)(1) and removal is proper.

## IV.   **VENUE**

33.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Santa Clara.  In addition, the action arose in the County of Santa Clara because the facility where Plaintiff worked is in Sunnyvale, California.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

68634727v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

34.   Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

## VI.   PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California.

DATED: March 11, 2021           Respectfully submitted,

                                SEYFARTH SHAW LLP


                                By: _____
                                Eric Lloyd
                                Kiran S.  Lopez
                                Attorneys for Defendant LOWE'S HOME CENTERS, LLC

10

68634727v.1

EXHIBIT  1

EXHIBIT  1



**LDD / ALL**
**Transmittal Number: 22738772**
**Date Processed: 02/10/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Chittaranjan Rao vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Chittaranjan Rao vs. Lowe's Home Centers, LLC (10941766) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 21CV375681 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/09/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Arash S. Khosrowshahi<br>916-573-0469 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HOME CENTERS, LLC; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHITTARANJAN RAO

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

E-FILED
1/4/2021 5:01 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV375681
Reviewed By: R. Tien
Envelope: 5555900

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es):*  Santa Clara County Superior Court<br>Downtown Superior Court<br>191 North First Street, San Jose, California 95113 | 21CV375681 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Arash S. Khosrowshahi, Liberty Man Law, 1010 F Street, Ste. 300, Sacramento, CA 95814; 916.573.0469

| DATE: 1/4/2021 5:01 PM | Clerk of Court | Clerk, by | R. Tien | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Lowe's Home Centers, LLC

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

E-FILED
1/4/2021 5:01 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV375681
Reviewed By: R. Tien

1   ARASH S. KHOSROWSHAHI (SBN: 293246)
    **LIBERTY MAN LAW**
2   1010 F Street, Ste. 300
3   Sacramento, California 95814
    Tel.: (916) 573-0469; Fax: (866) 700-0787
4   Email: libertymanlaw@gmail.com

5   Attorney for Plaintiff
6   CHITTARANJAN RAO

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  CHITTARANJAN RAO,                    )   **Case No.:** 21CV375681
                                         )
12                    Plaintiff,         )   **COMPLAINT FOR DAMAGES AND**
                                         )   **INJUNCTIVE RELIEF**
13  vs.                                  )
                                         )
14  LOWE'S HOME CENTERS, LLC; and        )   **(1) RACE DISCRIMINATION IN**
    DOES 1 through 20, inclusive,        )       **VIOLATION OF FEHA;**
15                                       )   **(2) NATIONAL ORIGIN**
                                         )       **DISCRIMINATION IN**
16                    Defendants.        )       **VIOLATION OF FEHA;**
                                         )   **(3) ANCESTRY DISCRIMINATION**
17                                       )       **IN VIOLATION OF FEHA;**
                                         )   **(4) HOSTILE WORK**
18                                       )       **ENVIRONMENT HARASSMENT**
                                         )       **IN VIOLATION OF FEHA;**
19                                       )   **(5) FAILURE TO PREVENT**
                                         )       **HOSTILE WORK**
20                                       )       **ENVIRONMENT HARASSMENT**
                                         )       **IN VIOLATION OF FEHA;**
21                                       )   **(6) RETALIATION IN VIOLATION**
                                         )       **OF FEHA;**
22                                       )   **(7) WRONGFUL TERMINATION IN**
                                         )       **VIOLATION OF PUBLIC**
23                                       )       **POLICY;**
                                         )   **(8) INTENTIONAL INFLICTION OF**
24                                       )       **EMOTIONAL DISTRESS;**
                                         )   **(9) UNFAIR COMPETITION LAW.**
25                                       )
                                         )   **DEMAND FOR JURY TRIAL**
26                                       )   **DEMAND EXCEEDS $25,000**
27
28

1    COMES NOW Plaintiff Chittaranjan Rao ("Plaintiff") for causes of action against

2  Defendant Lowe's Home Centers, LLC ("Defendant") and Defendants Does 1 through 20

3  (collectively "Defendants") alleged as follows:

4                                        **PARTIES**

5    1.    Plaintiff is, and at all relevant times was, an adult male residing in Santa Clara,

6  California.

7    2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant is

8  and at all relevant times was a limited liability company organized and existing under the laws of

9  the State of North Carolina, with its principal place of business at 1000 Lowe's Boulevard,

10  Mooresville, North Carolina, 28117.

11    3.    Defendant does business at 811 E. Arques Avenue, Sunnyvale, California 94085

12  by operating Lowe's Home Improvement, a home appliance, gardening, and tool store.

13  Defendant employed Plaintiff and more than five people Lowe's Home Improvement. As such,

14  Defendant is and at all relevant times was an "employer" defined by the California Fair

15  Employment and Housing Act ("FEHA").

16    4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

17  Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names.

18  Plaintiff will amend this Complaint to allege their true names and capacities when the same have

19  been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the

20  fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein

21  alleged.

22    5.    At all times herein mentioned Defendants, and each of them, were the agents and

23  employees of the other Defendants, and each of them, and in doing the things hereinafter alleged,

24  were acting in the course and scope of the agency and employment and with the permission of

25  Defendants, and each of them.

26                            **JURISDICTION AND VENUE**

27    6.    This Court has subject matter jurisdiction over this matter because at all time

28  relevant herein, Plaintiff was employed and terminated by Defendant in the County of Santa

Clara. Therefore Plaintiff's injuries occurred in Santa Clara County, State of California to a sum of at least $25,000.

7.     Venue is proper in the County of Santa Clara because Plaintiff worked for Defendant at Sunnyvale, California in the County of Santa Clara. Defendant has at all relevant times maintained, owned/rented, and/or utilized properties in Santa Clara County, California, and committed wrongful conduct against Plaintiff in Santa Clara County, California.

8.     This Court is the proper court for trial in this action in that the acts and omissions of Defendant as alleged herein were made within this Court's jurisdictional area.

## GENERAL ALLEGATIONS

9.     Plaintiff is a graduate of Syracuse University, with a bachelor's degree in Management Information Science. Plaintiff has had decades of experience in sales, specializing in home improvement merchandise, appliances, and tools for various home improvement and department stores such as Good Guys, Circuit City, The Home Depot, and his former employer, Defendant.

10.    Defendant is a North Carolina limited liability company which owns approximately 2,200 Lowe's Home Improvement stores throughout the State of California and in the United States, including in Sunnyvale, Santa Clara County, California. Defendant specializes in selling various home appliance goods, gardening merchandise, and tools to its customers. In fiscal year 2019, Defendant is estimated to have generated approximately $72.1 billion in sales, and to have employed approximately 300,000 associates.

11.    On or about September 17, 2017, Defendant hired Plaintiff as an at-will non-exempt part-time Store Seasonal Employee. Plaintiff's job duties included, but were not limited to, selling various home appliance goods. Plaintiff performed his job duties well, being motivated to provide quality customer service and to close sales.

12.    Plaintiff did so well that soon after his hiring he was promoted as a full-time Customer Service Associate III on or about February 3, 2018. Plaintiff's job duties with this promotion included, but were not limited to, selling home appliance goods, becoming knowledgeable about various merchandising, and closing sales. Plaintiff performed his job duties

with excellence, and was even being considered by his supervisor for a further promotion to Appliance Specialist during June 2018.

13.     However, during June 2018 Plaintiff began receiving discriminatory harassment at the hands of a fellow worker, Mr. Rafael Loperno ("Mr. Loperno"). Mr. Loperno told Plaintiff that he would "crush" him "like an Indian bug" after spraying Lysol in Plaintiff's face. Plaintiff is originally from the country of India, and is of Indian descent. Plaintiff immediately reported the harassment to the store manager and human resources, but no action was taken.

14.     On July 17, 2018, Mr. Loperno again told Plaintiff that he would "crush" him "like an Indian bug," and this time swung his fists at Plaintiff. Plaintiff once again reported the harassment to the store manager and human resources, but again no actions were taken to prevent the discrimination and harassment by Mr. Loperno against Plaintiff. However, Plaintiff was reprimanded that same day for filing his report against Mr. Loperno, but under the pretext that Plaintiff had received various customer complaints he had until that point never been notified about. The substance of these so-called customer complaints was never revealed to Plaintiff.

15.     Ultimately, as part of his reprimand on July 17, 2018, Plaintiff was terminated in retaliation for reporting the continued harassment and discrimination he faced by Mr. Loperno. The pretextual and ostensible reason given for the termination was that Plaintiff was "in violation of Lowe's Policies and Procedures" without specifying exactly which policies and/or procedures Plaintiff allegedly violated.

16.     Plaintiff is informed, believes, and based thereon alleges that Defendant discriminated against him because of his Indian race, national origin, and ancestry; engaged in hostile work environment harassment against Plaintiff for his Indian race/national origin/ancestry, and/or failed to prevent such harassment from its employee Mr. Loperno; and retaliated against Plaintiff for reporting the discrimination and harassment by terminating his employment, all in violation of FEHA.

17.     On or about January 16, 2019, Plaintiff filed with DFEH a complaint charging Defendant with discrimination, harassment, and retaliation in violation of FEHA. On May 22,

2019, Plaintiff amended his DFEH complaint. On January 13, 2020, DFEH issued Plaintiff a right-to-sue letter.

### FIRST CAUSE OF ACTION

### (Race Discrimination in Violation of FEHA)

18.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 17.

19.     At all times herein mentioned, Government Code § 12940(a) was in full force and effect and binding upon Defendants, which prohibits "an employer, because of the race ... of any person, ... to bar or to discharge the person from employment ..., or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

20.     Plaintiff is, and at all times herein mentioned was an "employee" who is of the Indian race.

21.     At all times herein mentioned, Plaintiff was qualified and competent to perform the duties of his position, and or any other which was available.

22.     Defendants knew or perceived that Plaintiff was a member of the Indian race. Plaintiff is informed and believes and based thereon alleges that based upon his race, Defendants terminated Plaintiff's employment.

23.     Plaintiff's race was a substantial motivating reason for Defendants' decision to discharge Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

24.     As a result of Defendants' discrimination of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorney's fees and costs pursuant to Government Code § 12965.

25.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

///

///

**SECOND CAUSE OF ACTION**

**(National Origin Discrimination in Violation of FEHA)**

26. Plaintiff incorporates each allegation set forth in paragraphs 1 through 25.

27. At all times herein mentioned, Government Code § 12940(a) was in full force and effect and binding upon Defendants, which prohibits "an employer, because of the ... national origin ... of any person, ... to bar or to discharge the person from employment ..., or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

28. Plaintiff is, and at all times herein mentioned was an "employee" who is from the country of India.

29. At all times herein mentioned, Plaintiff was qualified and competent to perform the duties of his position, and or any other which was available.

30. Defendants knew or perceived that Plaintiff had his national origin in the country of India. Plaintiff is informed and believes and based thereon alleges that based upon his national origin, Defendants terminated Plaintiff's employment.

31. Plaintiff's national origin was a substantial motivating reason for Defendants' decision to discharge Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

32. As a result of Defendants' discrimination of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorney's fees and costs pursuant to Government Code § 12965.

33. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

**THIRD CAUSE OF ACTION**

**(Ancestry Discrimination in Violation of FEHA)**

34. Plaintiff incorporates each allegation set forth in paragraphs 1 through 33.

35.     At all times herein mentioned, Government Code § 12940(a) was in full force and effect and binding upon Defendants, which prohibits "an employer, because of the … ancestry … of any person, … to bar or to discharge the person from employment …, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

36.     Plaintiff is, and at all times herein mentioned was an "employee" who has Indian ancestry.

37.     At all times herein mentioned, Plaintiff was qualified and competent to perform the duties of his position, and or any other which was available.

38.     Defendants knew or perceived that Plaintiff had Indian ancestry. Plaintiff is informed and believes and based thereon alleges that based upon his ancestry, Defendants terminated Plaintiff's employment.

39.     Plaintiff's ancestry was a substantial motivating reason for Defendants' decision to discharge Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

40.     As a result of Defendants' discrimination of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorney's fees and costs pursuant to Government Code § 12965.

41.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

## FOURTH CAUSE OF ACTION

### (Hostile Work Environment Harassment in Violation of FEHA)

42.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 41.

43.     Government Code § 12940(j)(1) in pertinent prohibits an employer "…because of race, … national origin, [or] ancestry, … to harass an employee... Harassment of an employee … shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. … An entity shall take all

reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

44.     By nature of the acts alleged above and herein, Defendants were Plaintiff's employer within the meaning of the FEHA. Plaintiff was subjected to unwanted harassing conduct because he is of the Indian race, is from the country of India, and has Indian ancestry. The harassing conduct by Defendants' employee Mr. Loperno, not to mention the attendant physical abuse, was severe and pervasive. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile and abusive, and Plaintiff did consider the work environment to be hostile and abusive. Mr. Loperno engaged in this conduct, while Defendants, its supervisors and agents knew or should have known of the conduct yet failed to take immediate and appropriate corrective action.

45.     Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm. As a result, Plaintiff has suffered and continues to suffer damages in the form of loss of earnings/wages, and future earning capacity, incidental and consequential damages, and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

46.     Plaintiff also seeks interest thereon, and attorneys' fees and costs in prosecuting her claim pursuant to Government Code § 12965.

47.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were with the express knowledge, consent, and ratification of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Hostile Work Environment Harassment in Violation of FEHA)

48.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 47.

49.     Government Code § 12940(k) states that "[i]t is an unlawful employment practice...[f]or an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

50.     By nature of the acts alleged above and herein, Defendants were Plaintiff's employer within the meaning of the FEHA. Plaintiff was subjected to harassment, discrimination on the basis of his Indian race, national origin, and ancestry, yet was retaliated against in the course of his employment with Defendants. Defendants failed to take all reasonable steps to prevent such harassment, discrimination, and retaliation from occurring.

51.     Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm. As a result, Plaintiff has suffered and continues to suffer damages in the form of loss of earnings/wages, and future earning capacity, incidental and consequential damages, and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

52.     Plaintiff also seeks interest thereon, and attorneys' fees and costs in prosecuting her claim pursuant to Government Code § 12965.

53.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were with the express knowledge, consent, and ratification of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

54.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 53.

55.     Government Code § 12940(h) makes it unlawful "For any employer... to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

56.     Defendants engaged in retaliatory conduct against Plaintiff by immediately terminating his employment after Plaintiff reported discrimination and hostile work environment harassment at the hands of his co-worker Mr. Loperno.

57.     Plaintiff is a member of the Indian race, is from the country of India, and has Indian ancestry. Defendant knew of or pervceived Plaintiff's racial, national origin, and ancestral status, given that Plaintiff reported multiple instances of being discriminated and harassed for his status at the hands of Mr. Loperno. Rather than address Plaintiff's complaints, Defendant terminated Plaintiff in retaliation for reporting Mr. Loperno's conduct. Plaintiff was harmed, and Defendant's termination of Plaintiff was a substantial factor in causing Plaintiff harm.

58.     As a result of Defendants' termination of Plaintiff, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorney's fees and costs pursuant to Government Code § 12965.

59.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

60.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 59.

61.     A claim for wrongful termination in violation of public policy must be supported by a policy that is "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." (*City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1159.)

62.     Government Code § 12940 prohibits employers from discriminating and/or terminating an employee for exercising any right under the FEHA, which is a statutory provision inuring to the benefit of the public well established at the time of Plaintiff's discharge that is both substantial and fundamental. This includes prohibitions against discrimination against an

employee for their race, national origin, and ancestry under subdivision (a) therein; retaliation for reporting discrimination/harassment under subdivision (h) therein; hostile work environment harassment under subdivision (j)(1) therein; and failure to prevent such harassment under subdivision (k) therein.

63.     As stated herein, Plaintiff is a member of the Indian race, is from the country of India, and has Indian ancestry. As alleged herein, Defendants terminated Plaintiff based on his race, national origin, and ancestry; created and/or failed to prevent a hostile work environment because of Plaintiff's race, national origin, and ancestry; and retaliated against Plaintiff by terminating his employment when he reported the discrimination and harassment he faced on-the-job, in violation of the public policies furthered by FEHA.

64.     The conduct of Defendants constitutes unlawful discrimination and harassment based on Plaintiff's race/national origin/ancestry status in violation of the California public policy embodied in FEHA. Defendants' retaliatory termination also violates California public policy embodied in FEHA. Plaintiff's race/national origin/ancestry, as well as his complaints to Defendant about the treatment he faced from Mr. Loperno, were substantial motivating reasons for Plaintiff's discharge, causing Plaintiff harm.

65.     As a result of Defendants' discriminatory, harassing, and retaliatory actions taken against him, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorney's fees and costs pursuant to Code of Civil Procedure § 1021.5 and/or Government Code § 12965.

66.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

67.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 66.

68.     Defendants acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by committing outrageous acts against Plaintiff, including terminating Plaintiff's employment because of his race/national origin/ancestry, and because he reported discriminatory and harassing conduct against him by his co-worker.

69.     In doing the acts herein alleged, Defendants acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Defendants' conduct was outrageous because Defendants knew Plaintiff was receiving physical abuse and discriminatory/harassing conduct at the hands of Mr. Loperno, given that Plaintiff reported his conduct to Defendant multiple times. Knowing this, Defendant fired Plaintiff right after he made his reports.

70.     Defendants' actions directly and proximately resulted in Plaintiff suffering and continuing to suffer extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, all to Plaintiff's detriment in a sum to be ascertained according to proof.

71.     As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits and other employment benefits he would have received had said Defendants' actions, and each of their actions, not caused his such emotional suffering and grief, all to Plaintiff's damage in a sum to be ascertained according to proof.

72.     As a direct, foreseeable, and proximate result of Defendants' actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and or willfully and consciously disregarded Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against Defendants to be ascertained according to proof, but in a sufficiently large amount to punish said Defendants, deter future conduct by said Defendant, and to make an example of said Defendant.

///

///

## NINTH CAUSE OF ACTION

### (Unfair Competition Law)

73.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 72.

74.    The conduct of Defendants alleged herein, including Defendants' retaliatory termination of Plaintiff and discrimination/harassment based on his Indian race/national origin/ancestry in violation of FEHA constitute false, unfair, fraudulent and deceptive business practices within the meaning of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*, hereinafter "UCL".)

75.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

76.    As a result of their unlawful acts, Defendants should be enjoined from its herein described conduct and restore to Plaintiff his wrongfully-withheld compensation pursuant to Business & Professions Code § 17203.  Plaintiff is informed and believes and based thereon alleges that Defendants are unjustly enriched by their unlawful conduct and business practices as alleged herein.

77.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein, and enjoining Defendant to cease and desist from engaging in the practices described herein.

**WHEREFORE,** Plaintiff prays for the following relief:

A.  As to the First through Sixth Causes of Action:

    a.   Compensatory damages according to proof at trial;

    b.   General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within his career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.  Exemplary and punitive damages according to proof at trial;

    d.  Reasonable attorneys' fees and costs pursuant to Government Code § 12965;

    e.  Prejudgment and post judgment interest; and

    f.  Any other relief the court deems proper.

B.  As to the Seventh Cause of Action:

    a.  Compensatory damages according to proof at trial;

    b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within his career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.  Exemplary and punitive damages according to proof at trial;

    d.  Reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5/Government Code § 12965;

    e.  Prejudgment and post judgment interest; and

    f.  Any other relief the court deems proper.

C.  As to the Eighth Cause of Action:

    a.  General and special damages for mental and emotional injuries according to proof at trial;

    b.  Exemplary and punitive damages according to proof at trial;

    c.  Prejudgment and post judgment interest; and

    d.  Any other relief the court deems proper.

D.  As to the Ninth Cause of Action:

    a.  For preliminary and permanent injunctions pursuant to Business & Professions Code § 17203, enjoining and restraining Defendants from continuing the unlawful and unfair business practices set forth above and requiring the establishment of appropriate and effective means to prevent future violations;

    b.  For restitution of wages and benefits due which were acquired by means of

1

2
any unfair business practice, according to proof; and

3
    c.  Any other relief the court deems proper.

4
Dated this 30th of December, 2020

5

6
Arash S. Khosrowshahi
Attorney for Plaintiff Chittaranjan Rao

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

 **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

EXHIBIT  2

EXHIBIT  2

1   SEYFARTH SHAW LLP
    Eric Lloyd (SBN 254390)
2   elloyd@seyfarth.com
    Kiran S. Lopez (SBN 252467)
3   klopez@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone:     (415) 397-2823
5   Facsimile:     (415) 397-8549

6   Attorneys for Defendant
    LOWE'S HOME CENTERS, LLC

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                               COUNTY OF SANTA CLARA

10

11  CHITTARANJAN RAO, an individual,          Case No. 21CV375681

12        Plaintiff,                          *(Assigned for All Purposes to the Honorable*
                                              *Peter H. Kirwan, Dept. 19)*
13        v.
                                              **ANSWER OF DEFENDANT LOWE'S**
14  LOWE'S HOME CENTERS, LLC; and DOES 1      **HOME CENTERS, LLC TO PLAINTIFF'S**
    through 20, inclusive,                    **UNVERIFIED COMPLAINT**
15
          Defendants.                         *Complaint Filed: January 4, 2021*
16                                            *Trial Date: None.*

17

18

19        Defendant LOWE'S HOME CENTERS, LLC ("Defendant") hereby answers the unverified

20  complaint ("Complaint") of Plaintiff CHITTARANJAN RAO ("Plaintiff") as follows.

21                              **GENERAL DENIAL**

22        Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant

23  denies, generally and specifically, each and every allegation, statement, matter, and each purported cause

24  of action contained in the Complaint.  Defendant further denies that Plaintiff has been damaged in any

25  amount whatsoever, by reasons of any acts or omissions of Defendant or any agent or employee of

26  Defendant.  Defendant denies that Plaintiff is entitled to any damages, punitive or otherwise, in any sum

27  or amount, or any other relief, whatsoever.

28

## SEPARATE AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following separate and distinct additional defenses to each and every cause of action therein.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action or claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the applicable statute of limitations for each cause of action contained therein, to the extent that the allegations occurred outside of the statutory period, including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 340, and 343, and California Government Code Sections 12960(d) and 12965(b).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent he failed to exhaust required administrative procedures or remedies or otherwise failed to complete, in a timely manner, those steps that are a necessary prerequisite under the law to the filing of the Complaint, including but not limited to the deadlines under California Government Code Section 12940, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

68439035v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Plaintiff is barred by the doctrine of estoppel from pursuing his Complaint and each purported cause of action contained therein. Plaintiff, by his own conduct and actions, is estopped, as a matter of law, from pursuing each of his claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6. Plaintiff has waived his right to assert the purported claims contained in the Complaint and each purported cause of action therein against Defendant. Plaintiff, by his own conduct and actions, has waived the right, if any, to assert the claims in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7. Plaintiff's Complaint is barred, in part, because Plaintiff consented to Defendant's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

8. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff ratified Defendant's alleged actions.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Plaintiff is barred by the doctrine of laches from pursuing the Complaint and each purported cause of action alleged therein because Plaintiff exercised inexcusable delay in commencing this action.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

10. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action contained in the Complaint because Plaintiff has not suffered any injury-in-fact.

**ANSWER OF DEFENDANTS TO PLAINTIFF'S UNVERIFIED COMPLAINT**

68439035v.1

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

11.     Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Defendant, and any injury and/or damages that Plaintiff alleges he suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant. Further, to the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contribution By Plaintiff's Own Acts)

12.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

13.     Plaintiff's Complaint is barred, in part, because his employment was at all times at-will.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Preemption)

14.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges physical or emotional injury or distress, this Court lacks jurisdiction, and any recovery is barred by the exclusivity provision of the California Workers' Compensation Act, California Labor Code Sections 132a and 3200, *et seq*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With The Employer's Directions)

15.     Plaintiff's Complaint is barred to the extent that he failed to comply with the directions of Defendant concerning the service for which he was engaged and such obedience to Defendant's directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.

ANSWER OF DEFENDANTS TO PLAINTIFF'S UNVERIFIED COMPLAINT

68439035v.1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventive / Corrective Opportunities / Avoidable Consequences)

16.     Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and/or Plaintiff's reasonable use of such procedures would have prevented all, or part, of the harm alleged suffered by him. Thus, Plaintiff's Complaint, and each cause of action alleged therein, is barred, or, alternatively, his relief is limited.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.     Plaintiff is barred from recovering any compensatory damages, and/or any recovery for compensatory damages must be reduced, to the extent that he failed to exercise reasonable diligence to mitigate his alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Agency or Employment)

18.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred because any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know nor should have Defendant known of such acts. Thus, Defendant is not liable for any such conduct, if it occurred, and Plaintiff cannot recover against Defendant for any loss, damages, or legal detriment so caused or so enhanced.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive / Same Decision)

19.     To the extent that Plaintiff demonstrates that his alleged protected status or conduct was a motivating factor for any challenged employment action, Defendant would have taken the same action in the absence of such an impermissible motivating factor. Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant

5

expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory, independent business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

### TWENTIETH AFFIRMATIVE DEFENSE

### (Managerial Discretion)

20.     Any and all conduct of which Plaintiff complains, or which is attributable to Defendant and/or its agents or employees, was a just and proper exercise of managerial discretion, at all times privileged and justified, undertaken for fair and honest business reasons or belief, in good faith and without malice, and cannot form the basis of a valid damages claim.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prompt Remedial Action)

21.     To the extent that Plaintiff complained of any unlawful conduct, prompt remedial action was taken by Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

22.     Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because under the equitable doctrine of setoff and recoupment Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Relief For Punitive Damages)

24.     Plaintiff is not entitled to recover any punitive, double, or exemplary damages against Defendant, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead

6

and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code Section 3294(a).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages for Good Faith Conduct)

25.     Plaintiff is not entitled to recover any punitive damages for decisions or actions that are or were contrary to the policies that his employer instituted in good faith against wrongful or unlawful conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Award of Punitive Damages is Unconstitutional)

26.     To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the right of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California, and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

27.     Plaintiff's claims are barred, or he is precluded from recovering damages, to the extent that Defendant learns through after-acquired evidence that he engaged in any fraud or other misconduct which, if known, would have caused Plaintiff to be terminated.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Arbitration)

28.     By virtue of the fact that Plaintiff entered into an agreement to arbitrate that encompasses all claims alleged in the Complaint, his claims are barred by his contractual agreement to arbitrate. Plaintiff's failure to submit his claims to arbitration bars the present action. Defendant expressly reserves and does not waive its right to compel arbitration.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated defenses available to it. Defendant thus reserves the right to assert

ANSWER OF DEFENDANTS TO PLAINTIFF'S UNVERIFIED COMPLAINT

68439035v.1

additional defenses in the event discovery and further investigation indicate that such defenses would be appropriate.

## **PRAYER**

Wherefore, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded costs of suit incurred herein; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 10, 2021                  Respectfully submitted,

SEYFARTH SHAW LLP


By: _____
Eric Lloyd
Kiran S. Lopez
Attorneys for Defendant LOWE'S HOME CENTERS, LLC

**ANSWER OF DEFENDANTS TO PLAINTIFF'S UNVERIFIED COMPLAINT**

68439035v.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105. On March 10, 2021, I served the within document(s):

**ANSWER OF DEFENDANT LOWE'S HOME CENTERS, LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with FedEx at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

LIBERTY MAN LAW
Arash S. Khosrowshahi
1010 F Street, Suite 300
Sacramento, CA 95814
Tel:  (916) 573-0469
Fax:  (866) 700-0787
libertymanlaw@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 10, 2021, at San Francisco, California.

_Juliana Blackwell_
Juliana Blackwell

PROOF OF SERVICE/CASE NO. 21CV375681

68632356v.1

# Case # 21CV375681 - Chittaranjan Rao vs Lowe's Home Centers, LL

## Envelope Information

**Envelope Id**
6005059

**Submitted Date**
3/10/2021 1:26 PM PST

**Submitted User Name**
weefile@nationwideasap.com

## Case Information

**Location**
Santa Clara – Civil

**Category**
Civil - Unlimited

**Case Type**
Wrongful Termination

**Case Initiation Date**
1/4/2021

**Case #**
21CV375681

**Assigned to Judge**
Kirwan, Peter

## Filings

**Filing Type**
EFile

**Filing Code**
Answer/Response/Denial/Demurrer - First
Appearance

**Filing Description**
ANSWER OF DEFENDANT LOWE'S
HOME CENTERS, LLC TO PLAINTIFF'S
UNVERIFIED COMPLAINT

**Client Reference Number**
SF38466

**Filing on Behalf of**
Lowe's Home Centers, LLC

**Filing Status**
Submitting

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| SF38466 Rao_Lowes - Defendant Answer to Plf Complaint.pdf | Answer/Response/Denial/... - First Appearance | Public | Original File |

## Fees

Help

## Answer/Response/Denial/Demurrer - First Appearance

| Description | Amount |
|---|---|
| Filing Fee | $435.00 |
| **Filing Total:** | **$435.00** |

| | |
|---|---|
| Total Filing Fee | $435.00 |
| Payment Service Fee | $13.22 |
| E-File Fee | $3.50 |
| Court E-File Fee | $2.05 |
| **Envelope Total:** | **$453.77** |

| | | | |
|---|---|---|---|
| **Transaction Amount** | $453.77 | | |
| **Transaction Id** | 9392799 | | |
| **Filing Attorney** | Eric Lloyd | **Order Id** | 006005059-0 |
| **Transaction Response** | Authorized | | |

© 2021 Tyler Technologies
Version: 2020.0.1.9148